UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA, et al.,<br><br>    Respondents. | Case No. CV 17-08154-DSF (AS)<br><br>**ORDER OF DISMISSAL** |

## I. BACKGROUND

On November 8, 2017, David Hamilton ("Petitioner"), a California state prisoner proceeding pro se, filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §§ 2241, 2253(c)(1)(B) (Docket Entry No. 1), which the Court construes as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition is accompanied by a supporting

Memorandum of Points and Authorities ("Memorandum") and by Petitioner's Affidavit. (Docket Entry Nos. 2-3). Petitioner challenges his 2010 convictions for mayhem and assault by means likely to produce great bodily injury, as well as his 46-years-to-life sentence, in Los Angeles County Superior Court (Case No. BA339752).[1] The Petition alleges the following ground for federal habeas relief: (1) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to investigate and present mitigating evidence at trial and at sentencing, make timely objections to false testimony and false evidence, and allow Petitioner to testify; (2) Petitioner received ineffective assistance of counsel based on his appellate counsel's deviation from claims; (3) The prosecutor failed to disclose exculpatory evidence, thereby violating Petitioner's rights to present a meaningful and complete defense and to a fair and impartial trial; (4) Two prosecution witnesses gave false testimony, in violation of Petitioner's right to due process; (5) "There was a systematic exclusion of African American jurors in the jury selection process."; (6) Petitioner is actually innocent; and (7) Petitioner's sentence under California's Three Strikes Law constituted cruel and unusual punishment. (Petition at 5; Memorandum at 1-7; Petitioner's Affidavit at 1-6.)[2]

---

[1] The Court takes judicial notice of the pleadings in David Hamilton v. William Knipp, Warden, Case No. CV 14-08537-DSF (RZ).

[2] To the extent that Petitioner is attempting to seek relief from Judgment in Case No. CV 14-08537-DSF (RZ) under Fed.R.Civ.P 60(b)(6), Petitioner has failed to show extraordinary circumstances justifying the reopening of a final judgment. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005); LaFarge Conseils et

2

On November 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, in which he challenged the same 2010 convictions and sentence ("prior habeas action"). See David Hamilton v. William Knipp, Case No. CV 14-08537-DSF (DZ)(Docket Entry No. 1). On June 15, 2015, the Court issued an Order and Judgment denying that habeas petition and dismissing the action with prejudice (based on its untimeliness), in accordance with the findings, conclusions and recommendations of the assigned Magistrate Judge. (Id.; Docket Entry Nos. 28-29.) On the same date, the Court denied Petitioner a certificate of appealability. (Id.; Docket Entry No. 30.) On February 16, 2016, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 37.)

**II. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a

---

Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) (citations omitted); see also Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) ("To receive Rule 60(b)(6) relief, a moving party must show both injury and that circumstances beyond [his or her] control prevented timely action to protect [his or her] interests.").

3

person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for

the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657(1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 2010 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition, filed on November 8, 2017, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals on a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or

successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

To the extent that Petitioner is attempting to allege a claim of actual innocence in an attempt to bypass the successive petition hurdle, see McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations), Petitioner has failed to show the actual innocence exception applies in his case. Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see House v. Bell, 547 U.S. 518, 538 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

Here, Petitioner does not allege why he is actually innocent. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006). Moreover, Petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House v. Bell, 547 U.S. at 521; see Schlup v. Delo, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin v. Perkins, supra ("We caution, however, that tenable actual-innocence gateway pleas are rare").

Consequently, it does not appear that the actual innocence exception to filing a successive petition would apply, although this is a determination that must be made by the Ninth Circuit Court of Appeals.

### III. ORDER

IT IS ORDERED that the Petition be dismissed without

prejudice.

DATED: 11/27/17

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE